IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-204-D
No. 5:15-CV-161-D

| | | |
|---|---|---|
| JIMMY ELIAB HUNTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On April 13, 2015, Jimmy Eliab Hunter ("Hunter") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 204-month sentence [D.E. 67]. On September 18, 2015, Hunter moved to expand the record [D.E. 72]. On October 23, 2015, the government moved to dismiss Hunter's motion and filed a supporting memorandum [D.E. 73, 74]. On November 12, 2015, Hunter responded in opposition [D.E. 76]. On December 21, 2015, Hunter filed a motion for counsel [D.E. 77]. As explained below, the court grants the government's motion to dismiss and denies Hunter's motion for counsel.

I.

On April 16, 2012, without a plea agreement, Hunter pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. See [D.E. 30]; Rule 11 Tr. [D.E. 62] 1–4. On December 11, 2012, the court conducted Hunter's sentencing hearing and calculated his advisory guideline range as 180 to 210 months' imprisonment based on a criminal history category of VI and a total offense level of 30. See Sentencing Tr. [D.E. 61] 14–15. The court found that Hunter had at least three qualifying convictions under the Armed Career Criminal Act ("ACCA"). See id. 7–22; Presentence Investigation Report ("PSR") [D.E. 41] ¶¶ 6–8. After

considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Hunter's allocution, the court sentenced Hunter to 204 months' imprisonment. See Sentencing Tr. 20–25.

Hunter appealed. See [D.E. 53]. On November 13, 2013, the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Hunter, 735 F.3d 172, 173 (4th Cir. 2013). The Fourth Circuit rejected Hunter's argument that using convictions to enhance Hunter's sentence under the ACCA where Hunter was charged and convicted as an adult for crimes committed as a 15-year-old and a 17-year-old violated the Eighth Amendment. See id. at 173–76. The Fourth Circuit also affirmed this court's holding that Hunter was an armed career criminal. See id.

In Hunter's section 2255 motion, Hunter alleges that: (1) the court plainly erred under the Eighth Amendment in relying on convictions that he sustained before reaching age 18; (2) his conviction for attempted malicious conduct by a prisoner does not qualify as a "violent felony" under the ACCA; and (3) the court plainly erred under the ACCA in relying on convictions he sustained before reaching age 18. See [D.E. 67] 4–7. After filing his section 2255 motion, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). Hunter also seeks relief under Johnson. See [D.E. 72].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."

2

Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Hunter's first and third claims, Hunter contends that this court erred under the Eighth Amendment and the ACCA in relying on convictions that he sustained before reaching age 18, though he was treated as and convicted as an adult. See PSR ¶¶ 6–8. Hunter, however, raised these two claims on direct review and lost. Hunter cannot use section 2255 to recharacterize and relitigate claims that he raised and lost on direct appeal. See, e.g., United States v. Frady, 456 U.S. 152, 164–65 (1982); Dyess, 730 F.3d at 360; United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, these claims fail.

As for Hunter's claim that his 2004 conviction for attempted malicious conduct by a prisoner, see PSR ¶ 17, is not a "violent felony" under the ACCA, Hunter raised this issue in the district court and in the Fourth Circuit. Both courts, however, declined to reach the issue in light of Hunter's other qualifying convictions. See Sentencing Tr. 12–13; Hunter, 735 F.3d at 174 n.1. Similarly, this court need not reach the issue in this section 2255 proceeding.

Instead, the court addresses Hunter's final claim that, in light of Johnson, he no longer has

3

three qualifying violent-felony convictions under the ACCA. Even after Johnson, Hunter's two 1993 convictions for breaking and entering, see PSR ¶¶ 6–7, qualify as the generic offense of "burglary" under 18 U.S.C. § 924(e)(2)(B)(ii). See, e.g., United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014); United States v. Thompson, 480 F. App'x 201, 204 (4th Cir. 2012) (per curiam) (unpublished); United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009); United States v. Thompson, 421 F.3d 278, 284 (4th Cir. 2005). Similarly, Hunter's 1994 conviction for robbery with a dangerous weapon, see PSR ¶ 8, qualifies as a violent felony under the ACCA's force clause. See, e.g., 18 U.S.C. § 924(e)(2)(B)(I); United States v. Smith, 638 F. App'x 216, 219 (4th Cir. 2016) (per curiam) (unpublished); United States v. Span, 789 F.3d 320, 324 (4th Cir. 2015); Hunter, 735 F.3d at 173–74, 176. Thus, Johnson does not help Hunter, and this claim fails.

After reviewing the claims presented in Hunter's motion, the court finds that reasonable jurists would not find the court's treatment of Hunter's claims debatable or wrong and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 73], DENIES a certificate of appealability, and DENIES Hunter's motion for counsel [D.E. 77].

SO ORDERED. This 18 day of July 2016.

JAMES C. DEVER III
Chief United States District Judge

4